**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KORY GARVER, as the natural father and legal guardian of Amie Garver, a minor,

Plaintiff - Appellee,

v.

JULIE BRANDT, individually and in her capacity as social worker for Washoe County; DENA NEGRON, individually and in her capacity as social worker for Washoe County,

Defendants - Appellants,

And

WASHOE COUNTY, a political subdivision of the State of Nevada; SHOSHONE TRIBAL POLICE DEPARTMENT; DOES, 1-10,

Defendants.

No. 11-18015

D.C. No. 3:09-cv-00463-LRH-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 3, 2014
Pasadena, California

Before: BYBEE and BEA, Circuit Judges, and RESTANI, Judge.[**]

Defendants-Appellants Julie Brandt and Dena Negron appeal the district court's order denying their motion for summary judgment. Because we lack jurisdiction, we dismiss the appeal.

Plaintiffs-Appellees Kory Garver and A.G. filed this 42 U.S.C. § 1983 action alleging that Brandt and Negron violated their Fourth and Fourteenth Amendment rights. Brandt and Negron moved for summary judgment on the basis of qualified immunity. The district court denied the motion because it determined that "[g]enuine issues of material fact remain regarding what information was actually . . . received by Brandt and Negron. A jury's resolution of such disputed facts is critical to determining whether Brandt and Negron violated the Fourth and Fourteenth Amendment rights of [A.G.] and Kory Garver and the reasonableness of their belief in the legality of their conduct."

We lack jurisdiction to review the district court's decision because "a defendant, entitled to invoke a qualified immunity defense, may not appeal a

---

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). It is true that "summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity—typically, the issue whether the federal right allegedly infringed was 'clearly established[.]'" *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (alteration in original) (internal citations omitted). But, as the district court noted, we have already held that the contours of the rights at issue in this case are clearly established. *See Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1297 (9th Cir. 2007) ("The law was clearly established [in 2001] that a child could not be removed from the home without prior judicial authorization absent evidence of imminent danger of serious bodily injury and [unless] the scope of the intrusion is reasonably necessary to avert that specific injury." (second alteration in original) (internal quotation marks and citations omitted)).

Rather than resolving an abstract question of law, the district court determined that there are genuine issues of material fact concerning whether Brandt and Negron had reasonable cause to believe that A.G. would have been placed in imminent danger of serious bodily injury in the time it would have taken to obtain a warrant. *See id.* at 1294 ("Officials, including social workers, who

3

remove a child from [her] home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant."); *see also Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 1999) ("The existence of reasonable cause, and the related questions, are all questions of fact to be determined by the jury."). What the social workers were told by dispatch is a triable issue of fact because what dispatch told them depends, in part, on what Officer Brannen told dispatch. In this way, the officer's report to dispatch is circumstantial evidence of what the social workers were actually told. We therefore lack jurisdiction to review the district court's order denying the defendants' motion for summary judgment. *See Johnson*, 515 U.S. at 319–20; *see also George v. Morris*, 736 F.3d 829, 835 & n.9 (9th Cir. 2013); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001); *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996). We express no view about whether Brandt and Negron are entitled to qualified immunity.

**DISMISSED.**